IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILBUR WALKER                                                                              PLAINTIFF

V.                                                                CIVIL ACTION NO. 1:13-CV-00227-SA-DAS

TIFFANY SCALES AND
SAFEWAY INSURANCE COMPANY                                                                DEFENDANTS

## MEMORANDUM OPINION

Before the Court are Plaintiff's Motion to Remand to State Court [4] and the parties' Joint Motion to Remand to State Court [7]. Upon due consideration of the motions, as well as all relevant rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Wilbur Walker commenced this suit in the County Court of Lee County, Mississippi, asserting a claim for negligence against Defendant Tiffany Scales and claims for breach of contract and bad faith denial of insurance coverage against Defendant Safeway Insurance Company, arising out of an automobile accident that occurred in Tupelo, Mississippi. Specifically, Plaintiff alleges in his complaint that Scales ran a red light, failed to yield the right of way, was inattentive, and failed to keep a proper lookout, all of which led to her colliding with Plaintiff, causing him pain and suffering, emotional distress, property damage, loss of income, and other damages. Plaintiff also alleges that, although Scales allegedly claimed to be uninsured at the time of the subject accident, Safeway, Plaintiff's automobile insurance carrier, rejected his uninsured motorist claim. Plaintiff seeks uninsured motorist benefits for bodily injury and property damage, as well as an unspecified amount of damages for emotional distress and punitive damages.

Safeway removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. As grounds for removal, Safeway states that complete diversity of citizenship exists between it and Plaintiff and that the citizenship of Scales should be disregarded. Safeway argues that Plaintiff's claims against Scales and against Safeway do not involve a distinct litigable event or share common questions of law or fact and are thus fraudulently and/or egregiously misjoined. Safeway further asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon Plaintiff's demand for uninsured motorist benefits, extra-contractual damages, and unspecified punitive damages.

Plaintiff filed a motion to remand to state court claiming that "Plaintiff is not seeking nor will Plaintiff seek an amount greater than Seventy-Five Thousand and 00/100 Dollars ($75,000.00)." Plaintiff further contends that he seeks uninsured motorist benefits in an amount much less than $75,000, that Scales did not consent to removal, and that his claims against Scales were not fraudulently and/or egregiously misjoined because he will "need to prove that Defendant Scales was an uninsured motorist at the time of the subject accident and that Defendant Scales negligently caused the subject accident."

Safeway did not file a response in opposition to Plaintiff's motion to remand. Rather, Safeway and Plaintiff subsequently filed a joint motion to remand to which they attached a Covenant Not to Execute signed by Plaintiff's counsel on behalf of Plaintiff. In pertinent part, the Covenant states that "[i]n consideration of an agreed upon remand of this case to state court, plaintiff covenants . . . to refrain from enforcing against defendant, by execution or otherwise, more than Seventy-Five Thousand and 00/100ths Dollars ($75,000.00) of any judgment that may be rendered in the above designated action. . . ."

*Remand Standard*

Federal courts are courts of limited jurisdiction. Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Upon removal of a case, a plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the "removal statutes are to be construed strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

*Amount in Controversy*

A plaintiff's claim for damages—as set forth in the complaint—normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty

Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). As a result, unless the removing defendant can meet its burden, a plaintiff may normally avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

However, in cases such as this, where a plaintiff fails to allege a specific amount of damages, the Fifth Circuit has prescribed the following procedure:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

St. Paul Reins., 134 F.3d at 1253 (citations omitted). A case becomes removable once a defendant establishes by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional amount, unless the plaintiff can then prove that it is legally certain that he will not be able to recover such an amount. De Aguilar, 47 F.3d at 1412. To this end, it has been clearly established by the Fifth Circuit that plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints." Id.

In the case at bar, Plaintiff did not allege a specific amount of damages in his complaint. Rather, Plaintiff seeks:

> the following damages as a direct result of Defendant Safeway Insurance Company's denial of his claim:
> a.   Uninsured motorist bodily injury benefits;
> b.   Uninsured motorist property damages benefits;
> c.   Emotional distress as a result of Safeway's bad faith denial;
> d.   Attorney fees and court costs; and
> e.   Punitive damages.

Though Plaintiff and Safeway dispute the amount of uninsured motorist benefits at issue, "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." Brasell v. Unumprovident Corp., 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing St. Paul Reins., 134 F.3d at 1255; Marcel v. Pool Co., 5 F.3d 81, 84–85 (5th Cir.1993); Myers v. Guardian Life Ins. Co. of Am., Inc., 5 F. Supp. 2d 423, 428–29 (N.D. Miss. 1998); Allstate Ins. Co. v. Hilbun, 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

Additionally, even were the Court to find the amount in controversy to be ambiguous on the face of the complaint, Plaintiff has failed to file a binding stipulation or affidavit that would have sufficiently clarified the issue for the Court. While it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, . . . post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, 233 F.3d 880, 883 (5th Cir. 2000). Even still, "any post-petition affidavits are allowable only if relevant to [the time of removal]." Allen, 63 F.3d at 1335.

Plaintiff filed no such document in conjunction with his motion to remand and, in the body of his motion, argues only that he "is not *seeking* nor will [he] *seek* an amount greater than

5

Seventy-Five Thousand and 00/100 Dollars ($75,000.00)." (emphasis added). However, this Court has long held that "[w]hen a plaintiff fails to admit or stipulate that he will not *accept* more than $75,000.00 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000.00." Easley v. Lowe's Home Ctrs., Inc., 2007 WL 2127281, at *2 (N.D. Miss. July 23, 2007) (emphasis added) (relying upon Fields v. Household Bank, 280 F. Supp. 2d 530, 532 (N.D. Miss. 2003); Blount v. Hardcastle, 2006 WL 278567 (N.D. Miss. Jan. 5, 2006); Holmes v. Citifinancial Mortg. Co., 436 F. Supp. 2d 829 (N.D. Miss. 2006)).

It appears that Plaintiff and Safeway attempt to satisfy this requirement through the Covenant Not to Execute filed with their joint motion to remand. However, this document is insufficient to deprive the Court of jurisdiction. As the title suggests, Plaintiff promises only that he will "refrain from *enforcing* against defendant, by execution or otherwise, more than Seventy-Five Thousand and 00/100ths Dollars ($75,000.00) of any judgment that may be rendered in the above designated action. . . ." (emphasis added). Importantly, Plaintiff does not stipulate that he will not seek or *accept* an award of greater than $75,000 but only that he will not *enforce* an award of greater than that amount. Indeed, it is implicit in the wording of the Covenant Not to Execute that Plaintiff would in fact accept a judgment of greater than the federal jurisdictional threshold, as he would otherwise have nothing from which he might refrain from enforcing.

Further, the Covenant Not to Execute specifically states that Plaintiff agrees to refrain from enforcing a judgment in an amount greater than $75,000 "in consideration of an agreed upon remand of this case to state court." Thus, it is clear that the Covenant does not relate to the time of removal of this case and does nothing to clarify any ambiguity as to the amount in controversy existing at the time of removal but is instead merely a post-removal attempt to defeat

6

federal jurisdiction. "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury, 303 U.S. at 293, 58 S. Ct. 586.

Whereas it is likely the amount in controversy exceeds the amount necessary for federal jurisdiction based upon the face of the complaint, and as Plaintiff has failed to file any binding stipulation or affidavit that he neither seeks nor will he accept an award of greater than $75,000, the Court finds the amount in controversy requirement is met in this matter.

*Fraudulent and/or Egregious Misjoinder*

Having thus found that the amount in controversy requirement is met, the Court now addresses whether complete diversity of citizenship exists among the parties. As both Plaintiff and Scales are Mississippi residents, the Court analyzes Safeway's fraudulent misjoinder argument to determine whether the citizenship of Scales should be disregarded.

Fraudulent misjoinder was first recognized as a ground for diversity jurisdiction by the United States Court of Appeals for the Eleventh Circuit. See Tapscott v. Miss. Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996). The Fifth Circuit has said that "misjoinder should not be allowed to defeat diversity jurisdiction." In Re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002). See also Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006) (finding that failure to meet the requirements of Federal Rule of Civil Procedure 20 will result in "joinder [being] improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants") (citing Tapscott, 77 F.3d at 1360). Both the Northern and Southern Districts of Mississippi have adopted the theory of fraudulent

7

misjoinder. See Palermo v. Letourneau Techs., Inc., 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (collecting cases).

"Mere misjoinder of claims, however, does not rise to the level of fraudulent misjoinder. For this court to accept jurisdiction despite the misjoinder of a non-diverse defendant, the misjoinder must be egregious or grossly improper." Cooper v. AIG Claim Servs., Inc., 2009 WL 279101, at *2 (N.D. Miss. Feb. 5, 2009) (internal quotations omitted). "To determine whether a party has been fraudulently misjoined, the Court applies Rule 20 of the Mississippi Rules of Civil Procedure." Tri-Miss Servs., Inc. v. Fairley,, 2012 WL 5611058, at *3 (S.D. Miss. Nov. 15, 2012) (citing Palermo, 542 F. Supp. 2d at 517). Rule 20 of the Mississippi Rules of Civil Procedure provides in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

MISS. R. CIV. P. 20(a).

The Mississippi Supreme Court has held that "[b]oth prongs of Rule 20(a) must be met" and that "[b]efore an alleged 'occurrence' will be sufficient to meet Rule 20(a)'s two factors, there must be a distinct litigable event linking the parties." Hegwood v. Williamson, 949 So. 2d 728, 730 (Miss. 2007) (internal citations omitted). In determining whether a distinct litigable event exists, the Mississippi Supreme Court has further held that courts should consider "whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant." Id.

In the Notice of Removal, Safeway argues that the Hegwood court "considered a joinder issue identical to that before the Court in this case." That case also arose out of an automobile accident and involved claims for simple negligence, breach of contract, and bad faith. Id. at 729.

Plaintiff argues in his motion to remand that Hegwood is distinguishable because the defendant insurance carrier was not the plaintiff's uninsured motorist carrier but rather insured both the plaintiff and the defendant driver. However, the Court finds such a distinction immaterial to its joinder analysis. Though Plaintiff argues that he will "need to prove that Defendant Scales was an uninsured motorist at the time of the subject accident and that Defendant Scales negligently caused the subject accident," the Mississippi Supreme Court clearly explained that negligence claims against a defendant driver and breach of contract and bad faith claims, while arising out of the same accident, "involve different factual issues and different legal issues." Id. at 731 ("The car accident raises fact issues of how the accident occurred and legal issues of simple negligence. . . . The breach of contract and bad faith claims raise fact issues of . . . how [the insurance adjusters] made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate."). Further, the court explained that a claim for negligence would require "different witnesses (the two drivers, eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management)." Id.

The Court finds the reasoning and holding of Hegwood directly analogous to the case at bar. In prosecuting his negligence claim against Defendant Scales, Plaintiff will be required to present different proof than will be required to support his claims against Safeway. As the court explained in Hegwood, "[t]he appropriateness of joinder decreases as the need for additional proof increases." Id. at 730. More importantly, the joinder of these claims would certainly run afoul of Rule 411 of the Mississippi Rules of Evidence[1] in the same way that the court in Hegwood found the rule would be violated by the joinder of those claims. Id. at 731.

---

1 The joinder of Plaintiff's claims would also certainly run afoul of Rule 411 of the Federal Rules of Evidence, the language of which is almost identical to that of the Mississippi rule. See FED. R. EVID. 411 ("Evidence that a person

Rule 411 of the Mississippi Rules of Evidence states that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully." Though the rule does allow the admission of such evidence for other purposes, "such as proof of agency, ownership, or control, or bias or prejudice of a witness," MISS. R. EVID. 411, the court in <u>Hegwood</u> held that a driver defending against negligence claims would be prejudiced by the jury's knowledge of his or her insurance coverage or lack thereof when it decided issues of liability and damages. 949 So. 2d at 731. So, too, would Scales be prejudiced by evidence of her lack of insurance. <u>Id.</u> ("One of the primary reasons for excluding evidence of insurance or the lack of it is to prevent the jury from deciding the case on improper grounds.") (quoting MISS. R. EVID. 411 cmt.). It is clear that Mississippi law would prevent the joinder of Plaintiff's claims against Scales and Safeway. As such, the Court finds diversity jurisdiction exists because "there is no reasonable possibility that the state court would find joinder proper." <u>Palermo</u>, 542 F. Supp. 2d at 524.

*Conclusion*

For the foregoing reasons, the Court finds that the amount in controversy existing at the time of removal exceeded $75,000, exclusive of interest and costs, and that Plaintiff's claims against Scales were fraudulently misjoined and must be severed from Plaintiff's claims against Safeway. Consequently, the Court finds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is present with regard to Plaintiff's claims against Safeway and the Court shall retain jurisdiction over those claims. However, as Scales is a non-diverse defendant, Plaintiff's claims against her shall be REMANDED to the County Court of Lee County, Mississippi. Accordingly, Plaintiff's Motion to Remand to State Court [4] and the parties' Joint Motion to

---

was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.")

Remand to State Court [7] are GRANTED IN PART AND DENIED IN PART.  A separate order to that effect shall issue this day.

    SO ORDERED on this, the 20th day of February, 2014.

                                         /s/ Sharion Aycock
                                         **UNITED STATES DISTRICT JUDGE**